### PAYNTER v. LEE TIRE & RUBBER CO.

(District Court, E. D. Pennsylvania. May 11, 1922.)

No. 1737.

1. **Patents ⬿328—912,725, claims I and II, for pneumatic tire tread, held not infringed.**

The Paynter patent, No. 912,725, claims 1 and 11, for a pneumatic tire tread provided with a series of projections extending substantially transversely across the tread, having an extended surface to support the weight of the vehicle, and being provided with depressions to form suction cups, *held* not infringed by defendant's tread, in which there was no series of alternate projections and depressed channels, but a continuous projection united throughout the extent of the circumference of the tire.

2. **Patents ⬿312(1)—Patentee has burden of proving alleged infringing device performs same functions.**

Where the patentee claims that the projections on defendant's tire tread perform the same functions, as vacuum cups, as are performed by plaintiff's patented tread, the burden is on the patentee to show that fact.

3. **Patents ⬿157(1)—Patent for device never practically constructed will be strictly construed.**

Where plaintiff's patented device has never been practically constructed or put into use, though it has been theoretically reduced to practice by the disclosure of the patent, and there is no indication in the patent of the relative sizes of the parts necessary to enable them to function as claimed, the patent will be strictly construed.

In Equity. Suit by George Janvier Paynter against the Lee Tire & Rubber Company for infringement of a patent. Bill dismissed.

---

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Maurice Bower Saul, of Philadelphia, Pa., for plaintiff.
Fraley & Paul, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiff is patentee under patent No. 912,725, for which application was filed November 19, 1906, and patent issued February 16, 1909, for a pneumatic tire. He charges infringement of claims 1 and 11 of the patent.

[1] The combination covered by these respective claims is practically and substantially the same in each. Claim 1 is as follows:

"A tire having its tread provided with a series of slightly elastic projections extending substantially transversely of the tread, said series extending the length of the tread, said projections having an extended surface to support the weight of the vehicles without crushing, and being provided with depressions spaced apart from each other to form suction cups."

The tread of the tire is provided with (1) a series of slightly elastic projections, the series extending the length of the tread, (2) the projections composing the series extending substantially transversely of the tread, and having an extended surface to support the weight of the vehicle without crushing; the projections being further provided with (3) depressions spaced apart from each other to form suction cups. The purpose of the extended surface of the transverse projections is set forth in the specifications as being to overcome the difficulties which had been theretofore encountered in the construction of pneumatic tires with depressions intended to act as suction cups, with the surface surrounding the suction cups of insufficient extent to sustain the weight of the car, thereby subjecting the surface of the substance composing the tread to becoming smooth through rapid wear.

The inventor attempted to overcome the difficulty by providing a happy medium between the narrow surface around the cups, which would not sufficiently sustain the weight of the car, and a surface so extensive as not to be subject to sufficient compression to force some of the air out of the suction cups, and to thus cause them to adhere to the surface of the road. By providing projections with sufficiently extensive surface around the cups to sustain the weight of the car, and, at the same time, allow for suction, the plaintiff, as stated in his specifications, claimed to have constructed a tire—

"provided with a tread forming a substantially corrugated surface in which both the raised and depressed portions form the tread on soft or sandy or rough roads, but in which the tops of the raised slightly elastic portions form the weight sustaining surface when the vehicle is traveling over a smooth road such as asphalt road. In the latter instance, the cups form suction cups which cause the tire to strongly adhere to a smooth surface, thus obtaining a greater tractive force and preventing skidding."

It will be noted that the transverse projections and the transverse depressions form a corrugated surface, and that the depressions form a channel across the tread, which, as stated by the patentee, are swung at a slight angle to the axis of the tire. The plaintiff's expert evidence was to the effect that these channels between the transverse projections form "slime grooves," which in practice would scrape the slime in

front of the tire, the slime being forced through the depressed angled channels, and, the surface being thus cleared, would permit the suction cups to adhere to the surface. It is apparent that this could not occur on soft or sandy or rough roads, and the patentee's statement in his specifications eliminates the action of the suction cups except upon a smooth surface. The purpose of providing a "slime groove" is not set out in the specifications, but was strongly urged both at the hearing and upon argument.

If we accept the plaintiff's theory, it is clear that the alternate projections and depressions could not apply to the "slime groove" purpose without the transverse channels being open at both ends, as otherwise they would not be cleared of slime. And the language of the claims indicates that the spaces intervening between the projections are not closed through the projections being joined, for the claims in suit provide for a "series" of projections, indicating that each projection is separate and distinct from the other throughout the length of the tread.

The defendant is manufacturing under a patent for a design for a pneumatic tire, No. 51,370, applied for August 2, 1917, and issued October 16, 1917, the design being thus shown:

FIG. I.

FIG. II.

It will be seen at a glance that in the defendant's tire, there is no series of transverse projections separate from each other. There is a series of projections arranged along either side of the main design of the patent, but they are longitudinal in direction with the length of the tread. The depressions between these projections and the main design are not capable of acting as slime grooves to scrape and carry away the slime from in front of the cavities which the plaintiff contends perform the function of suction cups. The main design upon this tire is a longitudinal projection continuously joined throughout the length of the tread, and not a series of projections. The center of the tread is a continuous, uninterrupted, longitudinal strip. It is apparent that the defendant's tire does not read upon the plaintiff's patent, in that there is no series of alternate projections and depressed channels in its construction; the defendant's entire design being a continuous projection united throughout the extent of the circumference of the tire, and not separated as in the patent in suit.

When the plaintiff made his invention, suction cups upon pneumatic tires were not new in the art. Griffith's British patent, No. 20,669 of 1896, provided ringlike projections to form suckers when wet, to pre-

vent skidding. Furlong's patent, No. 582,194 of 1897, provided a close-ly associated series of indentations or pockets in various shapes in a tire tread, which, when compressed, were intended to create a partial vacuum and to act as suction cups. Woods' patent, No. 15,167 of 1894, provided a nonslipping jacket for pneumatic tires, consisting of an end-less band having V-shaped or oppositely inclined ribs, the arrangement of which in the drawing shows diamond-shaped cups or depressions surrounded by the projected V-shaped or oppositely inclined ribs. The Woods patent has substantially the elements found in the defendant's design.

There was considerable expert testimony produced by the plaintiff to the effect that the indentations or depressions in the defendant's de-sign act as suction cups. This was based largely upon the theory that, as the air in the cups is compressed by the weight of the car and the pressure downward of the rubber, part of it escapes between the road and the lips of the cups, and the resiliency of the rubber, then partially restoring the content capacity of the cup, causes rarification of the air and produces a partial vacuum which causes adherence to the road.

The defendant caused practical tests to be made in court by means of a manometer, which showed the pressure of the air in the cavity as its edges were pressed upon a smooth iron plate. The result was a demonstration that the rubber surrounding the cavity was so sealed when pressed upon the smooth surface that no appreciable quantity of air escaped. The same result was obtained when through an ex-periment with soapy water upon the smooth plate, no indications of es-cape of air appeared. The plaintiff showed that, if the cups are filled with plaster of Paris, part of it will escape when the tire is subjected to sufficient pressure; but it was not shown that plaster of Paris is com-pressible, as is air, so nothing was proved material to the question.

[2, 3] If the cavities in the defendant's tire are capable under pres-sure of producing suction, while running, the burden is upon the plain-tiff to so prove, and this burden of proof has not been sustained. It has not been shown that the cups of the plaintiff's patent would produce suction. The plaintiff's object, as set out in his specifications, was to produce a tire with cups surrounded by a surface sufficiently extensive to prevent the wearing down of the tire, but not sufficiently extensive to prevent such compression of the cups as would cause sufficient air to escape to leave rarified air within, and thus by producing a partial vacuum to make the depressions act as suction cups. While he may have produced this result in theory, there is nothing in the case to show that he has done so in practice. The plaintiff's patent has never gone into use; it was not shown that any tire had ever been constructed in concordance with it, and if he has complied with the requisites of section 4888 by a description of the manner and process of constructing it in such full, clear, and exact terms as to enable any person skilled in the art to make and construct it, such fact only appears from the granting of the application. There is no indication in the claims in is-sue of the extent of the surface necessary to support the weight of the vehicle without crushing, and at the same time permit the material of the tire to be sufficiently compressed to form suction cups. Under

these circumstances, the additional burden is placed upon him of having his patent strictly construed.

It is held that the defendant has not infringed, and ordered that the bill be dismissed.